UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-152-FL-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANIBAL RIOS LAVIAS | MOTION TO DISMISS<br>FOR IMPROPER VENUE |

COMES NOW, Anibal Rios Lavias, by and through undersigned counsel, and pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(i), as well as Article III and the Sixth Amendment of the United States Constitution, who respectfully moves this Court for an order dismissing the indictment for improper venue. Under the facts of this case, the Eastern District of North Carolina ("Eastern District") is the improper venue for naturalization fraud under 18 U.S.C. § 1425(a). For the reasons stated herein, Mr. Lavias respectfully requests this Court issue an order dismissing the indictment.

## RELEVANT FACTS

On October 3, 2017, in Durham County, North Carolina, located within the Middle District of North Carolina ("Middle District"), Mr. Lavias signed Form N-400, Application for Naturalization, certifying under penalty of perjury that his answers were "complete, true, and correct." Mr. Lavias's attorney, Jack Rockers, of Durham, North Carolina, prepared the N-400 form at his office in Durham County. On November 13, 2017, Mr. Rockers signed and submitted the N-400 form in Durham County.

On December 21, 2017, in Morrisville, North Carolina, located within the Eastern District, Mr. Lavias appeared as directed at the United States Citizenship and Immigration Services

1

("USCIS") office for a "biometrics appointment." At this appointment, Mr. Lavias was photographed and submitted a full set of fingerprints.

On April 16, 2018, Mr. Lavias appeared in person at the USCIS office in Durham County, located in the Middle District, for a naturalization interview. At that appointment, he took and passed the citizenship tests and completed an interview. He was placed under oath and swore that the answers on his N-400 application were true and correct. He electronically signed his application for citizenship, swearing under penalty of perjury that his answers in his application were true and correct.

On May 4, 2018, Mr. Lavias appeared in person at the USCIS office in Durham County, located within Middle District. He completed and signed Form N-445, swearing that his answers were true and correct, and submitted the form to USCIS. Mr. Lavias then participated in the naturalization ceremony and was granted United States citizenship.

On March 2, 2023, in Alamance County law enforcement officers arrested Mr. Lavias in connection with allegations of statutory sex offenses involving a minor. On August 7, 2023, an Alamance County grand jury returned two indictments charging five counts of statutory sex offense with a child by an adult.

On March 19, 2024, Mr. Lavias pleaded guilty to all counts of the indictment and received a sentence of 300 to 420 months' imprisonment, along with a requirement to register as a sex offender. He remains in custody at Foothills Correctional Institution in Morganton, North Carolina. His projected release date is March 13, 2049. On June 24, 2025, in the Eastern District, Mr. Lavias was indicted with two counts of naturalization fraud, in violation of 18 U.S.C. § 1425(a).

2

**ARGUMENT**

Venue is not just a procedural formality; questions of venue raise "deep issues of public policy." *United States v. Johnson*, 323 U.S. 273, 276 (1944). "[P]roper venue in criminal proceedings was a matter of concern to the Nation's founders." *United States v. Cabrales*, 524 U.S. 1, 6 (1998).

The United States Constitution states that "[t]he Trial of all crimes [ ] shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed . . . ." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment to the United States Constitution provides that "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district, wherein the crime shall have been committed…." U.S. Const. amend. VI. Additionally, the Federal Rules of Criminal Procedure state that, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. The Fourth Circuit has carefully followed the Supreme Court's restrictive approach to venue determinations, stating, "venue must be narrowly construed." *United States v. Jefferson*, 674 F.3d 332, 365 (4th Cir. 2012)(citing *Johnson*, 323 U.S. at 276.

Where Congress has not specifically provided for venue in the statute defining the offense, venue "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Cabrales*, 524 U.S. 1, 6-7 (cleaned up); *see also United States v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000). Venue is "proper only in a district in which an essential conduct element of the offense took place." *United States v. Villarini*, 238 F.3d 530, 533-34 (4th Cir. 2001).

The government has the burden of proving by a preponderance of the evidence that the defendant committed the act constituting the essential conduct element of the crime in the charged district. *United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012). When a defendant is charged

3

with multiple crimes, venue must be proper on each count. *Bowens,* 224 F.3d at 308 (4th Cir. 2000).

Venue does not necessarily lie in every district where an essential element of the offense has transpired. Rather, venue is limited to the place 'where the criminal act is done.'" *Bowens*, 224 F.3d at 309. Venue in a criminal trial is limited to the place of the essential *conduct* elements of the offense, without regard to the place where other essential elements of the crime occur. *Id*.

Determining where venue lies is a two-step process. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). First, courts must "identify the conduct constituting the offense." *Id*. Second, courts must determine where the criminal conduct was committed. *Id.* If essential criminal conduct takes place in more than one district, the government may prosecute those offenses "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Acts which are merely "preparatory" to the underlying offense and its essential conduct, however, cannot provide a basis for venue. *United States v. Sterling*, 860 F.3d 233, 241 (4th Cir. 2017).

I.       Essential Conduct Elements of 18 U.S.C. § 1425(a)

To obtain a conviction under § 1425(a), the government must prove that the defendant knowingly procured or attempted to procure, contrary to law, the naturalization of any person. 18 U.S.C. § 1425(a). In *Maslenjak v. United States*, 137 S.Ct. 1918, 1924 (2017), the Supreme Court states that 18 U.S.C. § 1425(a) "makes it a crime to commit some other illegal act in connection with naturalization." The government must establish that the illegal act played a role in the acquisition of citizenship. In discussing § 1425(a) where the illegal act is a false statement, as is the case here, the Court stated that the government must demonstrate that the defendant "lied about facts that would have mattered to an immigration official, because they would have justified

4

denying naturalization or would have predictably led to other facts warranting that result." *Id*. at 1923.

The essential *conduct,* therefore, is lying about a material fact in connection with the naturalization process. Under the facts here, none of this conduct is alleged to have occurred in the Eastern District. All of the false statements alleged in the indictment were made in the Middle District. The applications were prepared, signed, and filed in the Middle District. The interviews with Mr. Lavias took place in the Middle District. The naturalization ceremony itself took place in the Middle District. No essential conduct element occurred anywhere other than the Middle District. Simply put, no conduct prohibited by 18 U.S.C. § 1425(a) took place in the Eastern District.

II.     Fingerprinting Is Not An Essential Conduct Element of 18 U.S.C. § 1425(a)

The only act Mr. Lavias performed in the Eastern District, and the only connection the Eastern District has with this indictment, is the biometrics appointment at the USCIS office in Morrisville, North Carolina. Under 8 C.F.R. § 335.2, applicants must submit fingerprints so that background checks may be conducted. This requirement serves an administrative screening purpose and fingerprinting takes place before any initial examination of the naturalization application is begun. *See* 8 C.F.R. § 335.2 (b).

"Acts which are merely 'preparatory' to the underlying offense and its essential conduct … cannot provide a basis for venue." *Sterling*, 860 F.3d at 241 (quoting *United States v. Ramirez*, 420 F.3d 134, 144 (2d Cir. 2005). Preparatory conduct does not satisfy the first step of the venue inquiry because it is not the type of essential conduct that is required for the establishment of venue. *United States v. Mosby*, 143 F.4th 264, 280 (4th Cir. 2025).

In *Reass v. United States*, 99 F.2d 752 (4th Cir. 1938), the Fourth Circuit considered the distinction between essential conduct and preparatory conduct. *Reass* involved the submission of a fraudulent loan application, and the Court found "the gist of the offense [was] the attempt to influence the corporation" such that communication of the false statements to the corporation constitutes the very essence of the crime." *Reass*, 99 F.2d 752, 755. The statute "condemn[ed] the making of a false statement for the purpose of influencing the bank." *Id*. Thus, the "assembling of the material and its arrangement in written form containing the misrepresentations" did not establish venue and that venue was properly laid where the application was presented to the bank. *Id*. It was only when the fraudulent material was "communicated … that the crime [had taken] place." *Id*.

Courts have carefully distinguished preparatory and circumstantial elements from essential conduct when making venue determinations, even when the circumstantial or preparatory elements are essential elements of the crime itself. *See Cabrales*, 524 U.S. 1 (1998)(money laundering); *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999)(money laundering); *Villarini*, 238 F.3d 530 (4th Cir. 2001)(money laundering); *Bowens*, 224 F.3d 302 (4th Cir. 2000)(harboring a fugitive); *Jefferson*, 674 F.3d 332 (4th Cir. 2012) (mail/wire fraud); *Sterling*, 860 F.3d 233 (4th Cir. 2017)(unauthorized disclosure of classified information); *Mosby*, 143 F. 264 (4th Cir. 2025)(mortgage fraud). In *United States v. Maz*, the Court held "it is not enough for venue purposes that some other action … is a logically necessary predicate to the offense – even if that predicate action is also criminal." *Maz*, 232 F. Supp. 844, 848 (E.D. Va. January 9, 2017). The Court held in *Maz* that venue in a passport fraud case will lie only where the passport is misused, not where the passport was illegally obtained. Similarly, in a prosecution for delivery of defense information to aid a foreign government, the defendant went to a FedEx store and scanned nine stacks of

6

documents containing National Defense Information ("NDI") onto an SD card. He took the SD card to his home and stored it in his closet. The court held that this was merely antecedent preparation, rather than essential conduct. *United States v. Mallory*, 337 F. Supp. 3d 621, 629 (E.D. Va. September 27, 2018). The court reasoned that "while these steps were necessary to enable the defendant to engage in proscribed conduct, they were not part of the proscribed conduct relevant to" the charged crimes. *Id*. "The essential conduct on which venue must rest is the actual transmission of NDI." *Id*. at 627.

To establish venue in the Eastern District, Mr. Lavias must have committed an essential conduct element in the Eastern District. Under the facts here, the biometrics appointment constitutes at best antecedent preparation for the conduct prohibited by 18 U.S.C. § 1425(a). Nothing in the biometrics appointment constitutes an essential conduct – not the fingerprinting, the photographs, or any other conduct that occurred at the biometrics appointment. The essential conduct for the charged crimes is "lying about facts that would have mattered to an immigration official." *Maslenjak*, 137 S. Ct. 1918, 1923. It is not enough for venue purposes that the fingerprinting is a "necessary predicate" to the offense. *Maz*, 232 F. Supp. 3d 844 at 848. Mr. Lavias's biometrics appointment in the Eastern District cannot support venue in the Eastern District for a violation of 18 U.S.C. § 1425(a) because he did not perform any essential conduct element at the biometrics appointment.

## CONCLUSION

Wherefore, for the reasons stated above, Anibal Rios Lavias respectfully requests this Court dismiss the indictment based on improper venue pursuant to the Federal Rules of Criminal

Procedure 12(b)(3)(A)(i) and Article III and the Sixth Amendment of the United States

Constitution.

Respectfully requested this 18th day of September, 2025.

G. ALAN DuBOIS
Federal Public Defender

*/s/ Sherri Royall Alspaugh*
SHERRI ROYALL ALSPAUGH
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Sherri_Alspaugh@fd.org
N.C. State Bar No. 17581
LR 57.1 Counsel Appointed

8

*CERTIFICATE OF SERVICE*

I hereby certify that a copy of the foregoing was served upon:

LORI B. WARLICK
United States Attorney's Office
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on this date, using the CM/ECF system which will send notification of such filing to the above.

This the 18th day of September, 2025.

*/s/ Sherri Royall Alspaugh*
SHERRI ROYALL ALSPAUGH
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Sherri_Alspaugh@fd.org
N.C. State Bar No. 17581
LR 57.1 Counsel Appointed

9