IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-CR-152-FL

UNITED STATES OF AMERICA,

v.

ANIBAL RIOS LAVIAS,

**MEMORANDUM AND
RECOMMENDATION**

This matter comes before the court on defendant Anibal Rios Lavias's ("Lavias") Motion to Dismiss for Improper Venue pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(i), as well as Article III and the Sixth Amendment of the United States Constitution. [DE-20]. The Government filed a response in opposition to Lavias's motion, [DE-23], and Lavias filed a reply to the Government's response, [DE-24]. The issues are fully briefed and ripe for decision. For the reasons stated below, it is recommended that Lavias's motion to dismiss be denied.

## I.    Background

On June 24, 2025, a Grand Jury sitting in the Eastern District of North Carolina returned an indictment charging Lavias with two counts of naturalization fraud, in violation of 18 U.S.C. § 1425(a). [DE-1]. The first count alleges on or about April 16, 2018, Lavias knowingly attempted to procure his naturalization as a United States citizen by making a false statement under oath. *Id.* at 1. On that date, Lavias appeared in person at the USCIS office in Durham County, in the Middle District of North Carolina, for a naturalization interview. [DE-20] at 2. The second count alleges on or about May 4, 2018, Lavias knowingly procured his naturalization as a United States citizen by making a material misrepresentation. [DE-1] at 2. On that date, Lavias appeared again in person at the USCIS office in Durham County to complete and sign Form N-445, swearing that

his answers were true and correct, and then participate in a naturalization ceremony where he was granted United States Citizenship. [DE-20] at 2.

Both allegations of fraud stem from answers Lavias gave on forms required to procure his United States citizenship and his subsequent March 19, 2024 state court conviction for five counts of sex offense with a child by an adult. [DE-23] at 5. To procure United States citizenship Lavias submitted forms N-400 and later N-445, asserting his responses in N-400 were still true and correct. *Id.* at 2–5. Lavias signed and submitted form N-400 on October 3, 2017. [DE-23] at 2. Question 14.E. on form N-400 asks, "Were you EVER involved in any way with any of the following: . . . [f]orcing, or trying to force, someone to have any kind of sexual contact or relations?" to which Lavias answered "No." *Id.* Question 22 asks, "Have you EVER committed, assisted in committing, or attempted to commit a crime or offense for which you were NOT arrested?" to which Lavias answered "No." *Id.* During Lavias's naturalization interview, on April 16, 2018, he swore under oath that his responses were still true and correct. *Id.* at 4. On May 4, 2018, Lavias completed form N-445 in person before his naturalization ceremony. *Id.* Question 3 of the N-445 form asks, "Since your interview, have you knowingly committed any crime or offense, for which you have not been arrested?" to which Lavias answered "No." *Id.* at 4–5.

The Government, however, contends that on March 19, 2024, Lavias was convicted of five counts of sex offense with a child by an adult. *Id.* at 5. It claims that, pursuant to the judgment and transcript of Lavias's guilty plea, he confessed to committing these offenses from the period of February 25, 2018 through January 1, 2019 (two counts) and from February 1, 2022 through February 26, 2023 (three counts). *Id.* Thus, the Government contends that Lavias was sexually abusing a minor child by the time he appeared for his naturalization interview on April 16, 2018, and his assertions to the contrary made during the naturalization process were false. *Id.* at 6.

## II. Standard of Review

"Proper venue in a criminal case is a constitutional right secured by Article III, Section 2 and by the Sixth Amendment of the United States Constitution." *United States v. Jaensch*, 665 F.3d 83, 95 (4th Cir. 2011) (citing *Unted States v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000)).

> When a criminal offense does not include a specific venue provision, venue must be determined from the nature of the crime alleged and the location of the act or acts constituting it. This inquiry is twofold. We must initially identify the conduct constituting the offense, because venue on a count is proper only in a district in which an essential conduct element of the offense took place. We must then determine where the criminal conduct was committed.

*United States v. Jefferson*, 674 F.3d 332, 365 (4th Cir. 2012), as amended (Mar. 29, 2012), (citing *United States v. Smith*, 452 F.3d 323, 334–35 (4th Cir. 2006) (internal quotation marks omitted)); *see Bowens*, 224 F.3d at 314 (holding "venue for a criminal prosecution must be determined solely in reference to the essential conduct elements of the charged offense."). However, "[w]hen deciding a pretrial motion to dismiss an indictment for improper venue, the district court assesses only whether the allegations of the indictment, if true, would suffice to establish venue." *United States v. Powers*, 40 F.4th 129, 134 (4th Cir. 2022) (citing *Unted States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012)). "The court may not, at this stage, consider evidence beyond the indictment." *Id.* "[A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011) (citing *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002)).

## III. Analysis

Lavias contends the court should grant his pretrial motion to dismiss the indictment for improper venue because the facts fail to show that any essential conduct prohibited by 18 U.S.C.

3

§ 1425(a) occurred in the Eastern District of North Carolina. [DE-20] at 7. The Government asserts Lavias's completion of his biometrics appointment in the Eastern District of North Carolina, which constituted a mandatory part of his naturalization application process, was essential conduct for the naturalization fraud he committed. [DE-23] at 6–7. Lavias's biometrics appointment occurred at his local CIS Application Support Center in Wake County, North Carolina on December 21, 2017. *Id.* at 3–4. Relevantly, the parties discuss the fact that the biometrics appointment took place several months before the indicted offense dates of April 16, 2018 and May 4, 2018. [DE-1] at 1–2.

At this stage, the issue is not whether the biometrics appointment was an essential conduct element, or how the Government would prove that fact at trial, but instead whether the indictment alleges the offenses occurred in this district. *See Powers*, 40 F.4th at 136 ("Our inquiry when assessing a challenge to the adequacy of the indictment is whether the Government has alleged that a crime was committed in the district, not whether or how the Government will prove that fact at trial."). Lavias correctly asserts that the Government has the burden of proving by a preponderance of the evidence that venue is proper in the Eastern District of North Carolina, [DE-20] at 3 (citing *Engle*, 676 F.3d at 412); however, that is the Government's burden *at trial*, *see Powers*, 40 F.4th at 134. "A district court may dismiss an indictment under Rule 12 'where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.'" *Engle*, 676 F.3d at 415 (quoting *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010)). If "the proof at trial fails to support the venue allegation" Lavias may again raise an objection to venue and "the district court must instruct the jury if 'there is a genuine issue of material fact with regard to proper venue.'" *Id.* at 413 (quoting *United States v. Collins*, 372 F.3d 629, 633 (4th Cir. 2004); *United States v. Perez*,

4

280 F.3d 318, 334 (3rd Cir. 2002)).

Lavias's contention that the indictment fails to adequately allege venue because the facts demonstrate the essential conduct elements of the alleged violations occurred in the Middle District of North Carolina, not the Eastern District, misses the mark. Assessing venue solely on the allegations in the indictment, as the court must, it sufficiently alleges the offenses occurred here, in the Eastern District of North Carolina, and elsewhere. *See* [DE-1] at 1–2. The essential elements of an 18 U.S.C. § 1425(a) violation are: (1) to knowingly procure or attempt to procure, (2) contrary to law, (3) naturalization. *See Maslenjak v. United States*, 582 U.S. 335, 338 (2017) (reasoning "someone 'procure[s], contrary to law, naturalization" when [he] obtains citizenship illegally"). The indictment alleges Lavias knowingly attempted to procure, and did in-fact procure, his naturalization as a United States citizen, contrary to law by making false statements and material misrepresentations under oath, "in the Eastern District of North Carolina and elsewhere," [DE-1] at 1–2, and greater specificity with respect to venue was not required.

In *United States v. Powers*, following a trial, the defendant appealed the district court's denial of his pretrial motion to dismiss the indictment for improper venue. 40 F.4th at 134. Powers, charged with mail and wire fraud, took issue with the fact that the indictment did not include "the location from which the mailing or wires were sent or received." *Id.* at 136. The Fourth Circuit noted that Powers was not contesting whether the jury correctly found venue to be proper, just the denial of the pretrial motion to dismiss, meaning there would be no consideration of the evidence presented at trial, or any other facts outside the indictment. *Id.* at 134. The Fourth Circuit found that the indictment "was sufficient because it alleged that Powers's illegal acts occurred in the Eastern District of Virginia and elsewhere." *Id.* at 136. The court explained that the proper "inquiry when assessing a challenge to the adequacy of the indictment is whether the Government

5

has alleged that a crime was committed in the district, not whether or how the Government will prove that fact at trial" and that "[a] defendant who needs evidentiary details beyond those provided in the indictment to prepare his defense may seek a bill of particulars." *Id.* (citing *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987); Fed. R. Crim. P. 7(f)).

Similarly in *United States v. Engle*, the defendant based his pretrial dismissal motion on information not contained in the indictment. 676 F.3d at 415. The court noted that under a Rule 12 pretrial motion to dismiss it was limited to reviewing "the allegations contained in the indictment" as it lacked "authority to review the sufficiency of evidence supporting an indictment." *Id.* (quoting *United States v. Wills*, 346 F.3d 476, 488 (4th Cir. 2003)). The court explained that "to warrant dismissal of Count 1 for improper venue, Engle was required to demonstrate that the allegations therein, even if true, would not establish venue." *Id.* (citing *United States v. Thomas,* 367 F.3d 194, 197 (4th Cir. 2004)). The indictment in *Engle* alleged that "on or about April 25– 27, 2008, 'in the Eastern District of Virginia and elsewhere,' Engle knowingly enticed A.M. to engage in sexually explicit conduct with him for the purpose of producing a visual depiction of that conduct." *Id.* at 415–16. The Fourth Circuit found that the allegations "clearly designate 'the Eastern District of Virginia and elsewhere' as the location of Engle's illegal acts," and, as a result, concluded that his pretrial motion to dismiss Count 1 on venue grounds should have been denied. *Id.* at 416 (citation omitted).

Here, although the parties dispute whether the Eastern District is a proper venue, at this stage the court may only review the information contained in the indictment. *See United States v. Brewbaker*, 87 F.4th 563, 579 (4th Cir. 2023) (recognizing "an indictment may not be dismissed simply because the district court [does not] think the government can prove what it has alleged"), *cert. denied*, 145 S. Ct. 544, 220 L. Ed. 2d 203 (2024). Accordingly, because the indictment

6

adequately alleges that the offenses occurred in the Eastern District of North Carolina, it is recommended Lavias's motion to dismiss for improper venue be denied.

## IV.    Conclusion

For the reasons stated above, it is recommended that Lavias's motion to dismiss for improper venue, [DE-20], be denied.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **December 29, 2025** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir.**

**1985).**

Submitted, the **12** day of December, 2025.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

8